**Thomasene D. LANDERS**

v.

**BELL ATLANTIC NETWORK SERVICES, INC., et al.**

**Civil No. JFM–93–1775.**

United States District Court,
D. Maryland.

March 23, 1995.

Thomasene D. Landers, Glen Dale, MD, pro se.

R. Michael Smith, Baltimore, MD, for defendants.

---

## MEMORANDUM

MOTZ, Chief Judge.

Plaintiff has instituted this case against Chesapeake and Potomac Telephone Company of Maryland ("C & P") and Bell Atlantic Network Services, Inc. ("NSI"), alleging that defendants had terminated her employment after refusing to accommodate her disability. Plaintiff is appearing *pro se.* Presently pending before the Court are (1) a Report and Recommendation issued by Magistrate Judge Catherine C. Blake recommending that the action be dismissed for plaintiff's continued failure to cooperate with discovery and to respond to the orders of this Court, and (2) a motion for summary judgment filed by defendants.

After being advised of the consequences of her failure to do so, plaintiff has not responded to either the Report and Recommendation or the motion for summary judgment.

■ It is apparent from the file that plaintiff has, as stated by Judge Blake, failed to cooperate with discovery and to respond to orders issued by this Court. Accordingly, Judge Blake's Report and Recommendation is adopted as the opinion of this Court, and the action will be dismissed because of plaintiff's discovery defaults.

■ I further note that if I were not to dismiss the action because of plaintiff's failure to cooperate with discovery and to respond to orders of this Court, I would grant defendants' motion for summary judgment. The record establishes that NSI never was plaintiff's employer and therefore by definition never terminated her employment improperly. As to C & P, the record establishes that it made reasonable accommodations to attempt to continue plaintiff in her position as a directory assistance operator and, after it became conclusively established that she could not continue in that position because of her health, it tested her to find out if she would be suitable to hold any other position in the company. Because the evidence as it now exists on the summary judgment record would be sufficient to entitle C & P to judgment as a matter of law at trial, it is entitled to the summary judgment that it seeks. *See, e.g., Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A separate order effecting the rulings made in this memorandum is being entered herewith.

## ORDER

For the reasons stated in the memorandum entered herewith, it is this 23rd day of March, 1995,

ORDERED:

1. The Report and Recommendation issued by Judge Catherine C. Blake on May 24, 1994, is adopted as this Court's own opinion; and

2. This action is dismissed because of plaintiff's failure to cooperate with discovery and to respond to the orders of this Court.